*496 BERZON, Circuit Judge,
dissenting in part:
I join in Part 2 of the majority’s disposition. Because I disagree that no reasonable juror could find in favor of Peralta’s claims against defendants Fitter and Dillard, I respectfully dissent as to Part 1.
1. For the reasons stated in my dissent from the published opinion, I would hold that the jury instruction as to defendant Brooks was improper. The jury’s verdict in light of that instruction is therefore not a relevant consideration in determining defendants Fitter’s and Dillard’s liability.
2. Even given the instruction as to Brooks, a reasonable juror could have found that both Fitter and Dillard knew of and disregarded the serious dental needs of Lancaster prisoners. See Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); Snow v. McDaniel, 681 F.3d 978, 986 (9th Cir.2012). The district court granted Fitter’s and Dillard’s Rule 50 motions on the ground that those defendants had no knowledge of Peralta’s serious medical condition. But Fitter and Dillard could be liable regardless of whether they knew of Peralta’s own serious medical needs. They need only be aware that “someone in [Peralta’s] situation” — namely other Lancaster prisoners — had a “substantial risk of serious harm” in the absence of timely care. See Gibson v. Cnty. of Washoe, 290 F.3d 1175, 1191 (9th Cir.2002); see also Farmer, 511 U.S. at 843-44, 114 S.Ct. 1970; Redman v. Cnty. of San Diego, 942 F.2d 1435, 1448 (9th Cir.1991) (en banc), abrogated on other grounds by Farmer, 511 U.S. at 837, 114 S.Ct. 1970.
A reasonable juror could have found that through the Inmate Appeal system and complaints made by treating dentists, Fitter and Dillard were aware that patients with pressing health needs were placed on lengthy waiting lists. These defendants had the authority to make decisions regarding which prisoners were to receive medical treatment when — within the staffing and funding constraints of the prison — but nonetheless rubber stamped the decision to keep Peralta on the routine waiting list.
I therefore dissent from Part 1 of the majority’s disposition and would reverse the district court’s order granting these officials’ Rule 50 motions.